UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY DIDIANA,<br><br>    Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT,<br>INC., et al.,<br><br>    Defendants. | 2:08-CV-1314 JCM (PAL) |

**ORDER**

Presently before this court is defendant Harrah's Entertainment, Inc.'s motion for summary judgment. (Doc. #73). Plaintiff Anthony Didiana filed an opposition. (Doc. #79). Defendant filed a reply (Doc. #89).

This case arises from defendant's termination of plaintiff's employment. Plaintiff, a bartender, alleges discrimination on the basis of gender and age. Specifically, he alleges that defendant desired to have a "younger, sexier staff" and offered to some supervisors an incentive of $400 to "weed out" certain employees. Plaintiff, who is over the age of 40, was one of the bartenders defendant allegedly desired to terminate.

Plaintiff was terminated for willful misconduct and misappropriation of company funds. When video surveillance showed plaintiff giving unapproved free drinks to patrons in clear violation of company policy, defendant ordered an investigation of plaintiff. This investigation uncovered video showing plaintiff had also given away unauthorized free drinks two days earlier. Plaintiff waived arbitration, and his termination was downgraded to a voluntary resignation. Plaintiff now

**James C. Mahan**
**U.S. District Judge**

1  brings suit alleging that similarly-situated employees who committed similar infractions kept their
2  jobs, but that he was terminated because of his age and gender.

3  **A.    Standard for Summary Judgment**

4  Summary judgment is appropriate when, viewing the facts in the light most favorable to the
5  nonmoving party, there is no genuine issue of material fact which would preclude summary
6  judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996). The moving
7  party bears the burden of informing the court of the basis for its motion and demonstrating the
8  absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986).
9  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving
10  party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file,
11  "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (1986); Fed.
12  R. Civ. P. 56(c).

13  **B.    Gender Discrimination**

14  To prevail on a gender discrimination claim, plaintiff must survive the burden-shifting
15  analysis laid out in *McDonnell Douglas*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, 1) the
16  plaintiff must show that a *prima facie* case exists for discrimination; 2) the defendant must then give
17  a legitimate reason for the action, and 3) the plaintiff must show that this reason is a pretext for
18  discrimination. *Id* at 802.

19  To establish a *prima facie* case, the plaintiff must either show direct or circumstantial
20  evidence of gender discrimination, or meet the four-part test set out in *McDonnell Douglas*. *Id*; *see*
21  *also Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2004). Direct evidence is
22  "evidence which, if believed, proves the fact [of discriminatory animus] without inference or
23  presumption." *Vasquez*, 349 F.3d at 640 (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221
24  (9th Cir. 1998)). Under the *McDonnell Douglas* framework, the plaintiff must show that 1) he
25  belongs to a protected class; 2) he was performing according to his employer's (defendant) legitimate
26  expectation; 3) he suffered an adverse employment action, and 4) similarly situated employees were
27  treated more favorably. Two employees are similarly situated when "they have similar jobs and
28

1  display similar conduct." *Id.* at 642. Furthermore, the jobs must be similar "in all material respects."
2  *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006).

3  To establish his *prima facie* case of gender discrimination under the *McDonnell Douglas*
4  framework, plaintiff claims that he was performing according to his employer's legitimate
5  expectations when he was terminated, and that similarly situated employees (the cocktail waitresses)
6  were treated more leniently for similar infractions.

7  The court disagrees. First, the plaintiff does not dispute that it was company policy to charge
8  for drinks and that giving away free drinks could result in termination. Accordingly, Didiana's job
9  performance clearly violated company policy. Second, the cocktail waitresses are not similarly
10 situated to the bartenders. The job descriptions for the two positions are dissimilar. Although in
11 practice both types of employees share some responsibility in charging for drinks, the bartenders'
12 responsibility is much greater because they are directly responsible for preparing the drinks and
13 collecting payment. In contrast, the cocktail waitresses are mainly responsible for taking orders and
14 serving beverages.

15 Furthermore, even if the two jobs were similarly situated, plaintiff has not provided evidence
16 of actual violations in situations factually similar to his that were ignored or dismissed by
17 defendant's human resources department. In fact, the depositions reveal that if a complaint was made
18 concerning an employee, human resources representatives investigated the matter, and if they found
19 evidence that an employee had repeatedly violated company policy, the employee was terminated.
20 Although much of the testimony concerning the cocktail waitresses' alleged behavior is inadmissible
21 hearsay, even if taken as true the testimony does not show that any cocktail waitress investigated for
22 multiple infractions kept her job once the employer uncovered evidence that she had violated
23 company policy.

24 Thus, plaintiff's claim for gender discrimination is not supported by evidence that raises a
25 genuine issue of material fact. Consequently, summary judgment on this point is appropriate.
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

**C.     Age Discrimination**

Plaintiff contends that his termination was a pretext for age discrimination. Under *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2350 (2009), the plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision." Furthermore, in age discrimination cases the burden does not shift to the employer. *Id.* at 2351. Rather, the plaintiff retains the burden of proof. *Id.*

Plaintiff contends that Vice President of Food and Beverage, Christophe Jorcin, stated he wanted to "weed out some of the older employees" in order to bring in a "young, sexy staff." Plaintiff maintains that this is direct evidence of discriminatory intent and creates a genuine issue of material fact. However, plaintiff's burden is not to establish a *prima facie* case, but to show that "but-for" his age, he would not have been terminated from his position. Here, plaintiff has not supported that burden of proof. Plaintiff was not performing according to his employer's legitimate expectation. Plaintiff was, in fact, in clear violation of company policy, and video surveillance provided confirmation of repeated violations. Plaintiff has not shown evidence that had he been younger, these violations would not have resulted in termination. To the contrary, the evidence shows that an investigation yielding proof of multiple violations would have resulted in plaintiff's termination.

Therefore, plaintiff's age discrimination claim fails, and summary judgment is appropriate.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant's motion for summary judgment be, and the same hereby is, GRANTED (doc. #73).

DATED this 6th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -